**In re The Petition of Louis R. BELPEDIO, Petitioner.**

**No. 90 C 2356.**

United States District Court, N.D. Illinois, E.D.

Dec. 21, 1990.

Louis B. Garippo, Susan G. Feibus, Chicago, Ill., for petitioner.

Michele M. Fox, Asst. U.S. Atty., Chicago, Ill., for the U.S.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Petitioner, Louis R. Belpedio, has filed a petition for exemption from Section 504 of the Labor–Management Reporting and Disclosure Act of 1959 ("LMRDA"), which disqualifies from holding union office persons convicted of any one of the specifically listed crimes. 29 U.S.C. § 504. For the reasons stated below, the petition is denied.

### FACTS

On December 13, 1989, Belpedio was convicted of two counts of felony aggravated battery following a bench trial before Judge John R. Goshgarian in the Circuit Court of the 19th Judicial Circuit, Lake County, Illinois. The charges stemmed from an altercation during an organized touch football league game in which Belpedio participated. Belpedio's victim suffered injuries to his nose, lip, and left eye, and required approximately twenty stitches for these wounds.

On January 31, 1989, Belpedio was sentenced by Judge Goshgarian to thirty months probation, two hundred hours of public service, restitution in the amount of $924.37, and six months in the Lake County Jail (which was stayed pending a hearing). Upon sentencing, Belpedio, in compliance with Section 504(a) of LMRDA, resigned from his position of recording secretary in

Laborer's International Union of North America (Local 225). On February 9, 1990, Judge Goshgarian reduced Belpedio's disqualification from labor organization positions from thirteen years to three years, the minimum required under Section 504(a). On April 24, 1990, Belpedio petitioned this court for an exemption from that disqualification.

## DISCUSSION

### I. APPLICATION OF SECTION 504(a)

Belpedio asserts that the conduct underlying his conviction "was not of the type which the LMRDA was enacted to prevent." (Reply, p. 4.) In support of this claim, Belpedio argues that the relevant conduct "had no relationship to his union employment" and that "the disqualification [has] no relationship with the purposes for which [LMRDA] was passed." (Reply, p. 5.)

Section 504(a) of LMRDA states:

No person who ... has been convicted of ... robbery, bribery, extortion, embezzlement, grand larceny, burglary, arson, violation of narcotics laws, murder, rape, assault with intent to kill, *assault which inflicts grievous bodily injury,* or a violation of [Title II or III of LMRDA], any felony involving abuse or misuse of such person's position or employment in a labor organization or employee benefit plan to seek or obtain an illegal gain at the expense of the members of the labor organization or the beneficiaries of the employee benefit plan, or conspiracy to commit any such crimes or attempt to commit any such crimes, or a crime in which any of the foregoing crimes is an element, shall serve or be permitted to serve—(2) as an officer, director, trustee, member of any executive board of similar governing body, business agent, manager, organizer, employee, or representative in any capacity of any labor organization [for thirteen years or until one of several specified conditions occurs].

29 U.S.C. Section 504(a) (emphasis added). ▬ Section 504 is a remedial provision which should be liberally construed.

*Illario v. Frawley,* 426 F.Supp. 1132, 1137 (D.N.J.1977). As in all cases of statutory interpretation, the starting point for analysis is the plain language employed by Congress. *Jennings Water, Inc. v. City of North Vernon,* 895 F.2d 311, 314 (7th Cir. 1989). The offenses described in Section 504(a) are not modified by any language which would limit the applicability of this section to those occasions in which the crimes arose in a union context or implicate the offender's ethics, trustworthiness, reliability or fealty to the union. Had that been Congress' intent, Congress could have easily inserted such language in the provision.

The court does not believe that Congress intended to limit the directive of Section 504(a) to crimes which occur in circumstances related to union activity or raise the question of the petitioner's trustworthiness. Congress intended to create "strong barriers against the control of unions by unreformed convicted thieves, racketeers, and thugs." *United Union of Roofers, Union No. 33 v. Meese,* 823 F.2d 652, 655 (1st Cir.1987) (quoting Senator Kennedy, 105 Cong.Rec. 7021 (1959)). It is reasonable for Congress to have intended that a person convicted of a serious crime be barred from holding union office positions, regardless of the circumstances in which the crime occurred. It is the *gravity* of the crime, and not the *context* in which it occurred, which has occupied the attention of the courts that have dealt with Section 504(a). *See, e.g., Id.* at 654–55. An act of violence, whether it be murder, rape, or aggravated battery, that arises outside of a union context can be as indicative of an individual's propensity for violence within a union context as an act of violence which transpired in connection with union activities. Thus, the court believes that Section 504 was properly invoked upon Belpedio's conviction of aggravated battery, which clearly falls within the statutory language of Section 504(a), "assault which inflicts grievous bodily injury." *

---

* The parties are apprised that the court finds

irrelevant and gives no weight to Belpedio's

## II. EXEMPTION UNDER SECTION 504(a)

■ Belpedio argues that he should be granted an exemption from the strictures of Section 504(a). The provision sets forth an exemption

> if the offense is a Federal offense, the sentencing judge or, if the offense is a State or local offense, the United States district court for the district in which the offense was committed, pursuant to sentencing guidelines and policy statements under section 994(a) of Title 28, determines that such person's service in any capacity [in a labor organization] would not be contrary to the purposes of this chapter.

28 U.S.C. Section 504(a). The applicable United States Sentencing Guideline is Section 5J1.1, which states:

> If the petitioner was convicted of a disqualifying state or local offense, ... relief shall not be given to aid rehabilitation, but *may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated* since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability. (emphasis added.)

Despite urging the court to look to the language of Sentencing Guideline 5J1.1, Belpedio makes no attempt to demonstrate any way how he "has been rehabilitated since the commission of the disqualifying crime." He has not even articulated remorse or shown any contrition for having committed the offense. Indeed, Belpedio claims that "[g]iven the spontaneity of the event, it is difficult to say that ... rehabilitation even was required." (Reply, p. 9.) The court disagrees. Belpedio was duly convicted of aggravated battery, and, as discussed above, was properly barred from a union position for three years. It is difficult for the court to see how anyone convicted of such a serious crime can argue that he is not in need of some rehabilitation, but this is precisely what Belpedio has done. The fact that petitioner and victim

had just prior to the crime been playing a touch football game or that Belpedio's attack was swift does not justify an exemption. The Sentencing Guidelines require a "clear demonstration" of rehabilitation in order to be exempt from the mandate of Section 504. Belpedio only states that "the manner in which he has conducted his life since that five to ten second incident leaves little doubt that he can be considered 'rehabilitated' within the meaning of Sentencing Guideline 5J1.1." (Mem. in Support, p. 11.) There is substantial doubt of his rehabilitation when he has shown not even minimal remorse or contrition. By presenting no evidence in support of this claim, Belpedio has failed to make a "clear demonstration" of rehabilitation.

## CONCLUSION

For the reasons stated above, this court finds that Belpedio has been properly barred from labor organization employment. He has not shown the requisite evidence of rehabilitation to be relieved from the prohibition of Section 504(a). Accordingly, Belpedio's petition for exemption is DENIED.

prior arrests which did not result in any disqualifying conviction.